Rel: December 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2023-0924 and CL-2023-0925

_____

## Brian James Merrick

### v.

## Brandi Rhodes Merrick

### Appeals from Autauga Circuit Court
### (DR-18-900070.01 and DR-18-900070.02)

EDWARDS, Judge.

Brian James Merrick ("Brian") appeals from judgments entered by

the Autauga Circuit Court ("the trial court") in respective contempt

actions between him and Brandi Rhodes Merrick ("Brandi"). The parties

have been before us on several occasions, including in <u>Merrick v. Merrick</u>,

321 So. 3d 1268 (Ala. Civ. App. 2020) ("Merrick I"); Merrick v. Merrick, 352 So. 3d 770 (Ala. Civ. App. 2021) ("Merrick II"); and Merrick v. Merrick, (No. CL-2022-0593, March 17, 2023) ("Merrick III"). A discussion of the background to the parties' dispute is necessary to provide context for our decision.

On December 26, 2019, the trial court entered an order divorcing the parties, dividing their marital property, and awarding the wife $2,800 per month as alimony. Regarding the marital-property division, the December 2019 order provided that the parties must sell their real-estate holdings and apply the net proceeds from those sales to loans taken against a 401(k) account that was to be equally divided between them. That order also provided that Brian was to pay Brandi $3,600 as attorney fees. Brian appealed, and this court dismissed that appeal because we determined that it had been taken from a nonfinal judgment.[1] See Merrick I.

---

[1]The December 2019 order had failed to adjudicate certain claims by the parties against third parties; those claims eventually were severed from the divorce proceeding.

After this court issued the certificate of judgment in <u>Merrick I</u>, on December 2, 2020, the trial court entered a judgment that was generally consistent with the December 2019 order. The December 2020 judgment divorced the parties, divided the marital property, included provisions regarding some additional property, and awarded Brandi "periodic, rehabilitative" alimony in the amount of $2,800 per month for 60 months. The December 2020 judgment made no findings addressing the alimony award as required by Ala. Code 1975, § 30-2-57.

Brian appealed, and this court reversed the December 2020 judgment and remanded the case with instructions that the trial court enter a new judgment incorporating findings as to the alimony award, in compliance with § 30-2-57. <u>See</u> <u>Merrick II</u>. Following the issuance of this court's certificate of judgment in <u>Merrick II</u>, the trial court, on March 22, 2022, entered an amended judgment in compliance with this court's mandate, designating as rehabilitative alimony the alimony award of $2,800 per month for 60 months. The trial court also ordered that Brian's alimony obligation was deemed to have been commenced on January 1, 2020. Brian appealed from the March 2022 amended judgment, and this

court affirmed that judgment, without a published opinion. See Merrick III.

On August 13, 2020, while the appeal in Merrick I was pending, Brandi filed a petition in the trial court requesting that Brian be held in contempt for violating the terms of the December 2019 order ("Brandi's action").[2] Brandi's action was assigned case number DR-18-900070.01. According to Brandi, Brian refused to deliver the keys to the "Hurricane Deck Boat" that she had been awarded and had allowed that boat to deteriorate based on his neglect; had refused to make available to her certain personal property that she had been awarded; had failed to pay his monthly alimony obligation; had failed to pay her the $3,600 attorney-fee award; had withdrawn nearly the entire balance of the parties' 401(k) retirement account; and had refused to allow her access to the parties' lake house so that she could appraise it for purposes of determining its value and condition in conjunction with its sale. Brandi requested that

---

[2]We have taken judicial notice of the records on appeal in Merrick I, Merrick II, and Merrick III.

4

an order be entered holding Brian in contempt and requiring him to pay her attorney fees. Brandi subsequently amended her petition.

On October 16, 2020, Brian filed in Brandi's action an answer denying the material allegations in Brandi's contempt petition, as amended. Brian also filed a "Petition for Modification and Contempt" that was assigned case number DR-18-900070.02 ("Brian's action"). Brian alleged that Brandi had not complied with the December 2019 order regarding the sale of the marital residence and had refused to agree to accept a proposed offer that he had received regarding the sale of the parties' lake house. He requested that the trial court enter an order holding Brandi in contempt, requiring her to list the marital residence for sale, and requiring that any offer received on the parties' lake house that would satisfy the mortgage on that property must be accepted. Brian also requested an award of attorney fees. Brandi filed in Brian's action an answer denying the material allegations of Brian's petition.

On November 24, 2020, Brandi filed a motion to consolidate her action and Brian's action, and the trial court entered an order consolidating the cases. As noted above, the trial court entered the

5

divorce judgment on December 2, 2020. Neither party formally amended their respective pleadings in the present cases to reflect the entry of that judgment, but it appears that the pleadings subsequently were amended by implied consent. See Rule 15(b), Ala. R. Civ. P.

On December 3, 2020, the attorney who had closed the sale of the parties' lake house filed in Brian's action a request that he be allowed to interplead the proceeds from that sale into court because of the parties' competing claims to those proceeds. The trial court subsequently entered an order in Brandi's action and in Brian's action setting a hearing regarding the disposition of the lake-house sale proceeds and regarding whether Brandi should be held in contempt. Brandi personally appeared at that hearing, and Brian appeared virtually. After that hearing, on February 23, 2021, the trial court entered an identical order in Brandi's action and in Brian's action ("the February 2021 order") that stated that

> "the closing documents [for the sale of the parties' lake house] listed $10,114.50 in fees not associated with [Brandi] as [Brian] had an agreement with a sale agent where [Brandi] was not a part of the agreement. The property sold through [Brandi's] contact with purchaser and not [Brian's]. [Brian] had stopped paying for the monthly payments for the lake home and his failure to pay caused a reduction in net equity."

6

The February 2021 order also included a determination that Brian had wrongfully removed $29,500.00 from the parties' 401(k) retirement account, leaving only $39 in that account, and had not paid the attorney-fee award to the wife pursuant to the December 2020 judgment, as amended. Also, the February 2021 order required the closing attorney to pay the proceeds from the sale of the parties' lake house into court, less $10,114.50, which the trial court required the closing attorney to hold pending further order. The trial court then set a hearing in Brandi's action and in Brian's action regarding the division of the proceeds from the sale of the parties' lake house, effectively reflecting that Brian's pleadings had been amended to reflect various claims that he had asserted regarding those proceeds. See Rule 15(b). The February 2021 order did not address Brandi's contempt claim against Brian but stated that the "contempt issue" in Brian's action was moot.

On March 2, 2021, the closing attorney for the sale of the parties' lake house filed a notice in Brian's action that stated that he had paid the proceeds to the trial-court clerk pursuant to the February 2021 order; that payment apparently did not include the $10,114.50 that the trial

7

court had required the closing attorney to hold pending further order. Thereafter, Brandi sold the marital residence, and Brian filed a motion in his action requesting that she be required to deposit the net sale proceeds into her attorney's trust account. Thereafter, the parties' dispute regarding their respective claims to the net proceeds from the sale of the marital residence and the lake house continued through motion practice.

On March 15, 2022, the trial court entered an order in Brian's action; that order addressed Brian's "motion on the house equity and lake home equity" and stated that, based on an agreement of counsel, the net proceeds from the sale of the marital residence were to be split equally. One-half of the proceeds were to be paid into the trust account of Brandi's attorney and the remaining proceeds held by the closing attorney for the sale of the parties' lake house were to be paid into the trust account of Brian's attorney. The division of all proceeds held by Brandi's attorney was to be determined based on further proceedings, as were the issues of Brian's past-due alimony obligation and his claim to certain credits against his obligations to Brandi. On April 4, 2022, the closing attorney

8

for the sale of the parties' lake house filed a notice in Brian's action; the notice stated that he had paid the remaining proceeds from that sale to the trust account of Brandi's attorney.

On May 18, 2023, the trial court entered an order in Brandi's action and in Brian's action setting "all pending issues … for final disposition" on May 25, 2023. On May 24, 2023, Brian's attorney filed in Brian's action a motion to continue that stated:

> "2. Undersigned counsel would show the Parties are in agreement to the terms of this case, with the only remaining issue being calculation of the exact amounts owed after funds held in trust by [Brian's] attorney are applied.

> "3. When the Agreement of the Parties is final the Parties' respective counsel will email said Agreement to Your Honor for final approval and ratification."

The motion requested a continuance "pending submission of the Parties Settlement Agreement." The hearing scheduled for May 25, 2023, apparently was not held.

On June 16, 2023, the trial court entered in Brandi's action an order that stated: "Any numbers for the Court?????" On September 7, 2023, the trial court entered in Brandi's action an order that stated: "Have we gotten a settlement ready for the Court????" Thereafter, the

9

trial court entered an order in Brandi's action and in Brian's action setting the case for a hearing on a motion for a status conference that had been filed by Brandi in her action. That hearing was held on October 17, 2023, and, that same day, the trial court entered an order in Brandi's action that stated: "Case called, settled, Order to follow."

On November 6, 2023, the trial court entered an order in Brandi's action and in Brian's action that stated: "After the hearing, have the parties gotten together on the proper numbers for the Order in these cases??????" On November 27, 2023, Brandi's attorney appears to have filed in Brandi's action a proposed order, but that proposed order is not included in the record on appeal. On November 28, 2023, the trial court entered a judgment in Brandi's action based "upon the Court hearing arguments of counsel in addition to receiving evidence, ore tenus." The November 2023 judgment stated that the parties had stipulated that the proceeds from the sale of the parties' lake house, i.e., $67,732.43, were being held by the trial-court clerk and that "[t]he parties agree[d] that [Brandi] shall be entitled to said funds, and therefore it is ordered that the [clerk] shall remit said funds to the trust account of [Brandi's

10

attorney]." The November 2023 judgment stated that the parties also had stipulated that $59,859.66 that was already being held in Brandi's attorney's trust account was awarded to Brandi and that Brian owed Brandi $135,450 in past-due alimony and the $3,600 in attorney fees as described in the December 2020 judgment. The November 2023 judgment continued:

"5. The parties argued on record as to what amounts [Brian] should be given credit for regarding the following matters: (a) the value of the 2004 Hurricane Deck Boat; (b) the value of the deck boat trailer; (c) the value of [his] unpaid lake house mortgage payments; (d) [Brandi's] request for attorney's fees for the pending contempt case. As to each of these matters, the Court hereby finds as follows:

"(a) The Court finds [Brandi] is entitled to $33,451 for the … Hurricane Deck Boat, which represents the fair market value of said boat prior to [Brian's] neglect which led to said boat being in a salvage state and it is so ordered.

"(b) The Court finds [Brandi] is entitled to $825.00 for the deck boat trailer from [Brian].

"(c) The Court finds [Brandi] is entitled to $2,000 from [Brian] for his failure to make mortgage payments on the lake house and it is so ordered.

11

"(d)  The Court finds [Brandi] is entitled to $13,178.53 in attorneys fees from [Brian] for this pending contempt matter, and it is so ordered.

"(e)  The Court finds [Brian] is due to be credited with half the lake house proceeds in the amount of $33,866.22 and credit for proceeds from the sale of [the marital residence] still held in trust in the amount of $49,745.16, for a total credit of $83,611.38.[3]

"6.  Based upon the above findings, after all just credits have been given, the Court hereby finds and orders [Brian] owes [Brandi] the total sum of $145,313.63, for which [Brandi] may collect through income withholding order.  Said amount is reduced to a judgment whereby execution may issue.  All other relief requested but not herein addressed is hereby denied and this Order is a Final Order."

On December 13, 2023, the trial court entered a judgment in Brian's action that stated: "Issues herein disposed in [Brandi's action] on November 28, 2023[.] ... Case is dismissed."

On December 28, 2023, Brian filed an identical postjudgment motion in Brandi's action and in his action ("the postjudgment motion"). The postjudgment motion referenced several attached exhibits, but none

---

[3]$49,745.16 was the net proceeds of the sale of the marital residence, after reducing the $59,859.66 held in Brandi's attorney's trust account, by $10,114.50.

12

of those exhibits reflect that they had been previously admitted into evidence. Brian contended that the "findings of 'stipulations' by the parties" was not correct and that he had "stipulated to the funds being held in trust by [the clerk], … by [Brandi's attorney], the award of attorney fees from the original divorce, and that there were fourteen … months remaining on the original award of alimony. There was no stipulation to the amount owed for unpaid alimony." He also contended that no testimony or evidence supported certain determinations made by the trial court, that the trial court's calculation of what he owed Brandi was incorrect, and that, using the amounts referenced in the November 2023 judgment, he would have owed her only $104,843.15 after the referenced credits were applied. He also contended that he was entitled to certain additional credits and that his past-due alimony obligation should have been $45,924.81, although his calculations included no amount for the interest that was due on the past-due amount. According to Brian, based on the credits that he alleged he was due or the amounts that he claimed should have been included in or removed from the trial court's calculations, the trial court should have determined that he owed

13

Brandi an amount significantly lower than the amount the trial court had awarded or that she owed him $6,481.11 or $10,381.11.

Contemporaneously with the filing of the postjudgment motion, Brian filed a separate notice of appeal in Brandi's action and in his action. The notices of appeal were held in abeyance pending a ruling on the postjudgment motion. See Rule 4(a)(5), Ala. R. App. P. Brandi filed a response to the postjudgment motion that included purported copies of e-mail exchanges between her attorney and Brian's attorney that had occurred between October 31, 2023, and November 17, 2023. See discussion, infra. The postjudgment motion was denied by operation of law, see Rule 59.1, Ala. R. Civ. P., quickening Brian's appeals. The appeal in Brandi's action was assigned appeal number CL-2023-0924; the appeal in Brian's action was assigned appeal number CL-2023-0925. This court entered an order consolidating the appeals, ex mero motu.

Brian makes three arguments on appeal. However, we find his first argument to be dispositive, namely, that the trial court entered the November 2023 judgment purportedly based on evidence that had been presented ore tenus when, in fact, no ore tenus proceedings were

14

conducted as to the remaining matters in dispute after May 2023. Any judgment as to the claims discussed in the November 2023 judgment should have been based solely on the terms of the parties' settlement agreement regarding the "proper numbers," if any. See Grayson v. Hanson, 843 So. 2d 146, 151 (Ala. 2002).

The e-mail exchanges between the parties' respective attorneys after the October 2023 hearing and before the entry of the November 2023 judgment indicate that the parties may have reached a settlement agreement, including as to the amount of attorney fees owed by Brian to Brandi regarding her contempt claim, but those e-mail exchanges were not before the trial court when it entered the November 2023 judgment, and, on the record before us, we cannot reconcile the terms included in those exchanges with the terms of the November 2023 judgment. For example, based on the e-mail exchanges between the parties' respective attorneys, it appears that Brian was due a credit of $13,680.04 for alimony that he had paid to Brandi, among other credits discussed in those exchanges. Also, certain dollar amounts are in conflict -- the e-mail exchanges state that the "Hurricane Deck Boat" had a value of $33,400

15

and the November 2023 judgment stated the value as $33,451, and the e-mail exchanges stated that the trailer for that boat had a value of $885 and the November 2023 judgment stated the value as $825. More importantly, however, the calculations used by the trial court in the November 2023 judgment would result in a judgment against Brian for $104,893.15 ($135,450 + $3,600 + $33,451 + $825 + $2,000 + $13,178.53 = $188,504.53 - $83,611.38 = $104,893.15), rather than the $145,313.63 stated in that judgment, although the latter is consistent with the final amount discussed in the e-mail exchanges that had incorporated additional claims and credits between the parties.

A judgment based on a purported settlement agreement must be based upon evidence that a settlement has been reached and must be consistent with the terms of such settlement. See Williams v. Williams, 318 So. 3d 508, 513-14 (Ala. Civ. App. 2020). Based on the record before us, however, assuming a settlement was reached, the November 2023 judgment was not consistent with the purported terms of such a settlement that can be gleaned from the record, and the trial court held no hearing at which Brian's attorney might have indicated that Brian

16

had agreed to the terms that were incorporated into the November 2023 judgment. In any event, the November 2023 judgment was not, as it stated, the result of ore tenus proceedings that addressed the parties' disputes regarding their settlement calculations. Accordingly, the November 2023 judgment is reversed, and the cases are remanded for proceedings consistent with this opinion.

CL-2023-0924 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2023-0925 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Lewis, J., recuses himself.